IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GEORGE E. WILHELM, *et al.*, | § | |
| | § | No. 672, 2013 |
| Plaintiffs-Below, | § | |
| Appellants, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| DONALD E. MARSTON, | § | in and for New Castle County |
| ESQUIRE, *et al.*, | § | C.A. No. N12C-06-015 |
| | § | |
| Defendants-Below, | § | |
| Appellees. | § | |
| | § | |

Submitted: September 24, 2014
Decided: September 25, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

## O R D E R

This 25th day of September 2014, upon consideration of the briefs and record on appeal, we conclude that the judgment of the Superior Court should be affirmed on the basis of its well-reasoned decision of November 20, 2013. That decision addressed the arguments fairly presented to it by the parties in a clear and thorough way. In fact, the Superior Court decision made the generous assumption for the sake of decision that the appellants had a full three years to sue their original counsel for malpractice after meeting with their new counsel in 2008 – a decade after the accident in question – even though their representation by former counsel had ended in 2004, which itself was six years after the accident. Despite

that reality, the appellants did not file a malpractice claim until June 1, 2012, nearly fourteen years after the accident.  On appeal, the appellants have attempted to present to us arguments that they never fairly presented to the Superior Court in the first instance in order to show that this slow-arriving suit was nonetheless timely filed.  That is not proper under our Rule 8, and the interests of justice would be disserved, not advanced, by allowing these new arguments to be considered for the first time on appeal.

NOW, THEREFORE, IT IS ORDERED that the JUDGMENT of the Superior Court of November 20, 2013 is AFFIRMED.

BY THE COURT:

/s/*Leo E. Strine, Jr.*

Chief Justice